# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00881-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 9)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Rodrigo Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on June 22, 2016. (ECF No. 1.) On April 14, 2017, the Court screened Plaintiff's complaint and found that it stated a cognizable claim against Defendant McDermott for failure to intervene in violation of the Eighth Amendment, but failed to state any other claims. The Court directed Plaintiff to either file a first amended complaint or notify the Court that he was willing to proceed only on the cognizable claims. (ECF No. 6.) Plaintiff's first amended complaint, filed on May 24, 2017, is currently before the Court for screening. (ECF No. 9.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently incarcerated at Valley State Prison in Chowchilla, California. The events in the complaint are alleged to have occurred while Plaintiff was incarcerated at North Kern State Prison ("NKSP") in Delano, California. Plaintiff names the following defendants: (1) Scott Kernan, Secretary, California Department of Corrections and Rehabilitation ("CDCR"); (2) Warden Sandy Pennywell; and (3) Correctional Officer J. McDermott.

Plaintiff alleges as follows: Defendant McDermott knowingly and deliberately placed Plaintiff, a non-gang member, in a two-man cell with Inmate Cancel, a known gang member. On June 26, 2014, Inmate Cancel attacked Plaintiff, without provocation and any fault on Plaintiff's part, causing Plaintiff to suffer a broken nose, broken hip/leg, multiple bruises, contusions, and

severe injuries requiring several surgeries and ongoing medical treatment. The attack occurred when Plaintiff asked Inmate Cancel to remove an air vent cover that Inmate Cancel had installed. Inmate Cancel told Plaintiff that he ran things in their cell and that he and his gang ran things in the prison. Inmate Cancel then attacked Plaintiff without warning. This attack lasted about four to five hours, during which time Plaintiff did not receive help from the prison guards despite yelling for help.

A disciplinary hearing was held at NKSP regarding this incident, where Plaintiff was found not guilty of fighting or any other rule violation. Defendant McDermott was the floor officer that stopped the beating, but lied on his report, stating the Plaintiff and Inmate Cancel were striking each other with fists in the facial and upper torso area and that he gave a verbal warning to get down. Plaintiff alleges that Defendant McDermott was a short distance away, making it virtually impossible for him not to hear the attack, but chose to do nothing. Plaintiff asserts that, on the day before the incident in question, Defendant McDermott had allowed a different gang-affiliated inmate into another cell to fight, and Defendant McDermott was a short distance away and did nothing to stop it.

As a result of the attack, Plaintiff alleges that his hip was fractured, that he could not stand up without help, that he was in a lot of pain due to bone fractures, and that he had no upper strength to fight back. Plaintiff needed emergency surgery for a broken nose and fractured hip. Plaintiff also sustained two black eyes, a swollen face, busted lip, and bleeding and bruising all over his body. Plaintiff required a hip replacement, which will require future surgeries approximately every twelve to fifteen years from the date of his initial surgery. Plaintiff states that he has had ongoing medical problems as a result of his injuries. Following his hip replacement, Plaintiff's left leg is now shorter than his right, he walks with a limp, and he is now permanently disabled. Plaintiff asserts that he is traumatized by this incident, and that he fears being attacked again for no reason.

Plaintiff further alleges that Defendant Kernan, the Secretary of the CDCR, was responsible for initiating rule, regulations, training and policies for all CDCR prisons and supervising and training all CDCR personnel subordinate to him. Plaintiff contends that

3

Defendant Kernan ultimately provided, allowed or promulgated policies and practices that allowed CDCR personnel to willingly fail to respond to Plaintiff's need for protection from an attack. Plaintiff asserts that Defendant Kernan and his subordinates failed to protect Plaintiff from attack by a known gang member.

Plaintiff also alleges that Defendant Pennywell was the warden at NKSP, and she too was responsible for the care, safety, and welfare of all inmates of CDCR. Defendant Pennywell failed to protect Plaintiff while in CDCR's care, and her policies allowed a known gang member to attack a non-gang member.

Plaintiff seeks compensatory and punitive damages, along with declaratory and injunctive relief.

### III. Discussion

#### A. Supervisory Liability – Warden Pennywell and Secretary Kernan

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Thus, a supervisor's participation can include his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Starr, 652 F.3d at 1205–06. Supervisory officials "cannot be held liable unless they themselves" violated a constitutional right. Iqbal, 556 U.S. at 676.

Plaintiff's general allegations that Defendants Kernan and Pennywell were responsible for instituting policies and regulations, training subordinates and ensuring the welfare of all inmates of the CDCR are insufficient to state a claim. Plaintiff's allegations relate only to Defendant

4

Kernan and Pennywell's supervisory roles. Plaintiff has not alleged facts showing that Defendant Kernan or Defendant Pennywell instituted a policy that caused Plaintiff's alleged injuries, that Defendant Kernan or Defendant Pennywell participated in or directed the alleged violations, or that Defendant Kernan or Defendant Pennywell knew of the alleged violations and failed to prevent them. Despite being provided with the relevant pleading standard regarding supervisory liability, Plaintiff has been unable to adequately state a claim against supervisory personnel. The Court will therefore recommend that Defendants Kernan and Pennywell be dismissed from this action.

**B. Eighth Amendment – Failure to Protect**

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). A prison official is liable under the Eighth Amendment only if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff has not alleged facts establishing that Defendant McDermott was aware of a substantial risk of serious harm to Plaintiff when he was placed in the same cell as Inmate Cancel, and that Defendant McDermott disregarded that risk. Even if Defendant McDermott knew that Inmate Cancel was a gang member, Plaintiff does not allege that Defendant McDermott knew that Plaintiff was at risk of attack because he was a non-gang member. In fact, Plaintiff alleges that Inmate Cancel stated he attacked Plaintiff without thinking, which suggests that Defendant McDermott could not have known that Plaintiff was at risk.

Plaintiff also alleges that as a non-gang member, he should never have been housed with Inmate Cancel. However, Plaintiff's allegations do not indicate that Defendant McDermott was

5

aware of any specific threat to Plaintiff's safety or well-being. Further, Plaintiff's allegations concerning the impropriety of gang members being housed with non-gang members fails to state a claim for failure to protect. See Hoptowit v. Ray, 682 F.2d 1237, 1256 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995) ("[M]isclassification does not itself inflict pain within the meaning of the Eighth Amendment.") Indeed, even housing inmates of opposing gangs in the same cell, without more, fails to state a claim under the Eighth Amendment. See Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1161 (9th Cir. 2013) As a result, Plaintiff fails to state a claim for failure to protect in violation of the Eighth Amendment against Defendant McDermott regarding Plaintiff being housed with Inmate Cancel.

**C. Eighth Amendment – Failure to Intervene**

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit, 682 F.2d at 1250. "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff alleges that Defendant McDermott was a short distance away from the cell during the fight, Plaintiff yelled for hours for help, and Defendant McDermott knew that Plaintiff and Inmate Cancel were fighting and did nothing to stop it until hours later. The Court finds that Plaintiff has stated a cognizable Eighth Amendment claim for failure to intervene against Defendant McDermott.

**D. False Report – Defendant McDermott**

Plaintiff also alleges that Defendant McDermott lied on his report regarding the incident. False incident reports alone are not actionable under § 1983, because filing a false report does not violate a right secured by the Constitution or laws of the United States. See Sandin, 515 U.S. at 484 (holding that inmate's liberty interest is generally infringed only by an "atypical and significant hardship in relation to the ordinary incidents of prison life"). A falsified incident report, leading to a finding of not guilty and apparently no disciplinary consequences for Plaintiff, is not severe enough to amount to a deprivation of a protected liberty interest under Sandin. Specifically, Defendant McDermott's alleged lies on the incident report do not impose an atypical

and significant hardship or inevitably affect the duration of Plaintiff's confinement, and thus do not state a claim under § 1983. See Smith v. Mensinger, 293 F.3d 641, 653–54 (3d Cir. 2002) (no § 1983 claim was stated for allegedly false charges because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under Sandin). Plaintiff has been unable to cure this deficiency despite an opportunity to amend his complaint.

### E. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated by defendants. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the trier of fact returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary, and the Court will recommend that Plaintiff's request for declaratory relief be denied.

### F. Injunctive Relief

Plaintiff seeks several forms of injunctive relief. However, Plaintiff is no longer housed at NKSP, where he alleges the incidents at issue occurred, and where Defendant McDermott is employed. Therefore, any injunctive relief he seeks against officials at NKSP is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")). The Court will therefore recommend that Plaintiff's request for injunctive relief be denied.

///

**IV. Conclusion and Recommendation**

The Court finds that Plaintiff has stated a cognizable Eighth Amendment claim against Defendant McDermott for the failure to intervene while Inmate Cancel was attacking Plaintiff. However, Plaintiff has failed to state any other cognizable claims. Despite being provided with the relevant legal and pleading standards, Plaintiff has been unable to cure the remaining deficiencies in his complaint, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's Eighth Amendment claim against Defendant McDermott for the failure to intervene while Inmate Cancel was attacking Plaintiff as set forth in Plaintiff's first amended complaint filed on May 24, 2017;
2. Plaintiff's request for injunctive and declaratory relief be denied; and
3. All other claims and defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 20, 2017**      /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE