UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTHERN KERN STATE PRISON, et al.,<br><br>　　　　Defendants. | No. 1:16-cv-00881-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 10) |

Plaintiff Rodrigo Lopez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 21, 2017, the assigned magistrate judge screened plaintiff's first amended complaint and found that plaintiff stated a cognizable Eighth Amendment claim against defendant McDermott for the failure to intervene while inmate Cancel was attacking plaintiff. (Doc. No. 10.) The magistrate judge also issued findings and recommendations that all other claims and defendants be dismissed, and that this action proceed only on plaintiff's Eighth Amendment claim against defendant McDermott for the failure to intervene while inmate Cancel was attacking plaintiff. (*Id.*)

The findings and recommendations were served on all parties appearing in this action and contained notice that any objections were to be filed within fourteen (14) days after service. (*Id.*

1

at 8.)  Following the granting of an extension of time in which to do so, plaintiff filed objections on January 29, 2018.  (Doc. No. 14.)

The court has reviewed plaintiff's objections.  Plaintiff contends that under the regulations of the California Department of Corrections and Rehabilitation, Warden Pennywell and Secretary Kernan should be held liable, along with defendant McDermott, for the injuries plaintiff suffered as alleged in the complaint.  As discussed in the findings and recommendations, plaintiff's general allegations relate only to these defendants' supervisory roles, and do not show (even if proven) that the defendants themselves violated plaintiff's constitutional rights.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  None of plaintiff's remaining arguments advanced in his objections provide any legal basis on which to question the magistrate judge's findings and recommendations.

Plaintiff further seeks appointment of counsel "in the interest of justice and due to the seriousness and complexity of this case."  (Doc. No. 14 at 5.)  Plaintiff, however, does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  While the court may request the voluntary assistance of counsel in certain exceptional circumstances, *Rand*, 113 F.3d at 1525, the court will seek volunteer counsel only in the most serious and exceptional cases due to the lack of resources for that purpose.

The court has considered plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances at this time.  Plaintiff's failure to state claims against the remaining defendants is not due to any legal complexities here.  Plaintiff has been provided multiple opportunities and all relevant legal standards to assist him in attempting to state claims against the remaining defendants.  Furthermore, although the court has determined plaintiff has stated claims against defendant McDermott which may proceed, it has not determined that those claims have a likelihood of ultimately being successful.  In sum, plaintiff's motion does not change the court's consideration of the magistrate judge's findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Accordingly:

1. The findings and recommendations issued on December 21, 2017 (Doc. No. 10) are adopted in full;
2. This action shall proceed on plaintiff's first amended complaint (Doc. No. 9) against defendant McDermott for the failure to intervene while inmate Cancel was attacking plaintiff, in violation of the Eighth Amendment;
3. The remaining claims and defendants are dismissed from this action; and
4. This action is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 30, 2018**

UNITED STATES DISTRICT JUDGE