# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>Defendants. | Case No. 1:16-cv-00881-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER<br><br>(ECF No. 24) |

Plaintiff Rodrigo Lopez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant McDermott ("Defendant") for the failure to intervene while Inmate Cancel was attacking Plaintiff, in violation of the Eighth Amendment.

On April 2, 2018, Defendant filed a motion for summary judgment on the grounds that Plaintiff failed to properly exhaust administrative remedies. (ECF No. 23.) On the same date, Defendant filed a motion for protective order, seeking a stay of all non-exhaustion-related discovery pending resolution of the motion for summary judgment. (ECF No. 24.) Plaintiff filed an opposition to both motions on June 14, 2018. (ECF No. 31.) Defendant filed a reply on June 20, 2018. (ECF No. 32.)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North

American Co., 299 U.S. 248, 254 (1936)).  The party seeking the stay bears the burden of establishing the need to stay the action.  Clinton, 520 U.S. at 708.

     Defendant argues that a stay of all discovery, except that pertaining to the subject of exhaustion, will enable the parties to preserve their limited interrogatories for those claims which might survive the motion for summary judgment.  In addition, requiring Defendant to respond to discovery requests would be unduly burdensome and a waste of scarce state resources.  Plaintiff generally argues in opposition that he believes he successfully exhausted his administrative remedies, and the motion for protective order should be denied.  Plaintiff further requests that the Court reschedule a settlement conference in this matter.

     The Court finds that Defendant has met the burden of showing good cause to stay all non-exhaustion related discovery.  Proceeding with discovery that is not related to the potentially dispositive motion will result in unnecessary motion practice, litigation costs, and a waste of judicial resources.  If Defendant's motion does not resolve this case, Plaintiff will not be prejudiced by a modest delay in proceeding with non-exhaustion related discovery, as the current discovery deadline is six months away under the current scheduling order.  (ECF No. 25.)

     With respect to Plaintiff's request that the Court reschedule a settlement conference, the Court declines to do so at this time.  Defendant recently requested to opt-out of the Court's post-screening Alternative Dispute Resolution project, and has not expressed any interest since that time in pursuing a settlement.  No settlement conference will be scheduled until such time as both parties indicate their willingness to participate.

     For these reasons, Defendant's motion to stay all non-exhaustion related discovery pending the disposition of the pending motion for summary judgment, (ECF No. 24), is HEREBY GRANTED.
IT IS SO ORDERED.

Dated: **June 21, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2