# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO LOPEZ, | Case No. 1:16-cv-00881-DAD-BAM (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER |
| v. | |
| NORTH KERN STATE PRISON, et al., | (ECF No. 34) |
| Defendants. | |

Plaintiff Rodrigo Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant McDermott for the failure to intervene while Inmate Cancel was attacking Plaintiff, in violation of the Eighth Amendment.

On April 2, 2018, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust administrative remedies. (ECF No. 23.) Pursuant to the Court's April 4, 2018 Discovery and Scheduling Order, the deadline for the completion of all discovery is December 4, 2018, and the deadline for filing all dispositive motions is February 11, 2019. (ECF No. 25.) The Court has stayed all non-exhaustion discovery pending the disposition of Defendant's summary judgment motion. (ECF No. 33.)

On October 24, 2018, Defendants filed the instant motion to modify the Discovery and Scheduling Order to vacate the discovery and dispositive motion deadlines. (ECF No. 34.) The

1

Court finds a response unnecessary and the motion is deemed submitted. Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Defendant states that he has diligently moved this matter forward by filing an early exhaustion-based motion for summary judgment. The motion for summary judgment is potentially dispositive of Plaintiff's entire case, but the Court is unlikely to issue a final ruling on the motion before the discovery cut off. Thus, it serves judicial economy to vacate the present deadlines pending a final ruling on the motion for summary judgment. (ECF No. 34.)

Having considered Defendant's moving papers, the Court finds good cause for the brief continuance of the dispositive motion deadline in this action. Defendant has been diligent in filing the dispositive motion, and it would be a waste of the resources of the Court and the parties to require the filing of potentially unnecessary dispositive motions, or for the parties to conduct unnecessary discovery. Plaintiff will not be prejudiced by the relief requested, as the Court will reset the applicable deadlines if necessary following a ruling on the pending motion.

Based on the foregoing, Defendant's motion to modify the scheduling order, (ECF No. 34), is HEREBY GRANTED. The discovery and dispositive motion deadlines are VACATED. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated: **October 26, 2018**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE