# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO LOPEZ,<br><br>   Plaintiff,<br><br>  v.<br><br>NORTH KERN STATE PRISON, *et al.*,<br><br>   Defendants. | Case No. 1:16-cv-00881-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: EXHAUSTION<br><br>(ECF No. 23)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

**I. Background**

Plaintiff Rodrigo Lopez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant McDermott ("Defendant") for the failure to intervene while Inmate Cancel was attacking Plaintiff, in violation of the Eighth Amendment.

On April 2, 2018, Defendant filed a motion for summary judgment on the ground that the undisputed facts in the record prove that Plaintiff failed to properly exhaust administrative remedies for the claims asserted in this action, as required by the Prison Litigation Reform Act.[1] Fed. R. Civ. P. 56(c), *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*,

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 23-1.)

1

574 U.S. 968 (2014). (ECF No. 23.) Following a short stay to allow the parties the option to participate in a settlement conference and an extension of time, Plaintiff filed an opposition on June 14, 2018. (ECF No. 31.) Defendant filed a reply on June 20, 2018. (ECF No. 32.)

The motion for summary judgment is deemed submitted. Local Rule 230(l).

## II.      Legal Standards

### A.      Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

Defendant must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to her. *Williams*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue of exhaustion remains with Defendant. *Id.* (quotation marks omitted).

///

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendant bears the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172. If the defendant carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

**III.    Discussion**

**A.     Summary of CDCR's Administrative Review Process**

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed

3

June 1, 2020) & *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)).  *See also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." *Id.* at § 3084.1(a).

The process was initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. *Id.* at § 3084.2(a).  In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue.  *Id.* at § 3084.2(a)(3).  If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question.  *Id.*

**B.    Relevant Allegations in First Amended Complaint**

Plaintiff is currently housed at Valley State Prison in Chowchilla, California.  The events in the first amended complaint are alleged to have occurred while Plaintiff was incarcerated at North Kern State Prison ("NKSP") in Delano, California.  Plaintiff stated a cognizable claim against Defendant Correctional Officer J. McDermott.  Plaintiff alleges as follows:

Defendant McDermott knowingly and deliberately placed Plaintiff, a non-gang member, in a two-man cell with Inmate Cancel, a known gang member.  On June 26, 2014, Inmate Cancel attacked Plaintiff, without provocation and any fault on Plaintiff's part, causing Plaintiff to suffer a broken nose, broken hip/leg, multiple bruises, contusions, and severe injuries requiring several surgeries and ongoing medical treatment.  The attack occurred when Plaintiff asked Inmate Cancel to remove an air vent cover that Inmate Cancel had installed.  Inmate Cancel told Plaintiff that he ran things in their cell and that he and his gang ran things in the prison.  Inmate Cancel then attacked Plaintiff without warning.  This attack lasted about four to five hours, during which time Plaintiff did not receive help from the prison guards despite yelling for help.

A disciplinary hearing was held at NKSP regarding this incident, where Plaintiff was found not guilty of fighting or any other rule violation. Defendant McDermott was the floor officer that stopped the beating, but lied on his report, stating Plaintiff and Inmate Cancel were striking each other with fists in the facial and upper torso area and that he gave a verbal warning to get down. Plaintiff alleges that Defendant McDermott was a short distance away, making it virtually impossible for him not to hear the attack, but chose to do nothing. Plaintiff asserts that, on the day before the incident in question, Defendant McDermott had allowed a different gang-affiliated inmate into another cell to fight, and Defendant McDermott was a short distance away and did nothing to stop it.

As a result of the attack, Plaintiff alleges that his hip was fractured, that he could not stand up without help, that he was in a lot of pain due to bone fractures, and that he had no upper strength to fight back. Plaintiff needed emergency surgery for a broken nose and fractured hip. Plaintiff also sustained two black eyes, a swollen face, busted lip, and bleeding and bruising all over his body. Plaintiff required a hip replacement, which will require future surgeries approximately every twelve to fifteen years from the date of his initial surgery. Plaintiff states that he has had ongoing medical problems as a result of his injuries. Following his hip replacement, Plaintiff's left leg is now shorter than his right, he walks with a limp, and he is now permanently disabled. Plaintiff asserts that he is traumatized by this incident, and that he fears being attacked again for no reason.

### C. Undisputed Material Facts (UMF)[2]

1. Plaintiff Rodrigo Lopez (CDCR No. AT-4213) is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). (Verified First Am. Compl. (FAC), ECF No. 9, p. 1; Decl. of B. Johnson in Support of Defendant's Motion

---

[2] ECF No. 23-3. Though Plaintiff specifically disputed Undisputed Facts No. 17 of Defendant's Statement of Undisputed Material Facts, Plaintiff did not provide a separate statement of undisputed facts in his opposition. Local Rule 260(a). As a result, Defendant's Statement of Undisputed Facts in support of his motion for summary judgment is accepted except where brought into dispute by Plaintiff's verified first amended complaint, (ECF No. 9), and verified declaration in support of his opposition to the motion for summary judgment, (ECF No. 31, pp. 3–6). *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence; *Johnson v. Melzer*, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (same, with respect to verified motions). Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

1           for Summary Judgment (Johnson Decl.) ¶ 3.

2   2.  Plaintiff filed this action on June 22, 2016.  (Compl., ECF No. 1, p. 1.)

3   3.  Plaintiff's first amended complaint (FAC) alleges, among other things, the following:

> While housed at North Kern State Prison (NKSP), Defendant McDermott knowingly and deliberately placed Plaintiff, a non-gang member, in a two-man cell with Inmate Cancel, a known gang member.  On June 26, 2014, Inmate Cancel attacked Plaintiff, without provocation and any fault on Plaintiff's part, causing Plaintiff to suffer a broken nose, broken hip/leg, multiple bruises, contusions, and severe injuries requiring several surgeries and ongoing medical treatment.  The attack occurred when Plaintiff asked Inmate Cancel to remove an air vent cover that Inmate Cancel had installed.  Inmate Cancel told Plaintiff that he ran things in their cell and that he and his gang ran things in the prison.  Inmate Cancel then attacked Plaintiff without warning.  This attack lasted about four to five hours, during which time Plaintiff did not receive help from the prison guards despite yelling for help.
>
> A disciplinary hearing was held at NKSP regarding this incident, where Plaintiff was found not guilty of fighting or any other rule violation.  Defendant McDermott was the floor officer that stopped the beating, but lied on his report, stating the Plaintiff and Inmate Cancel were striking each other with fists in the facial and upper torso area and that he gave a verbal warning to get down.  Plaintiff alleges that Defendant McDermott was a short distance away, making it virtually impossible for him not to hear the attack, but chose to do nothing.  Plaintiff asserts that, on the day before the incident in question, Defendant McDermott had allowed a different gang-affiliated inmate into another cell to fight, and Defendant McDermott was a short distance away and did nothing to stop it.
>
> As a result of the attack, Plaintiff alleges that his hip was fractured, that he could not stand up without help, that he was in a lot of pain due to bone fractures, and that he had no upper strength to fight back.  Plaintiff needed emergency surgery for a broken nose and fractured hip.  Plaintiff also sustained two black eyes, a swollen face, busted lip, and bleeding and bruising all over his body.  Plaintiff required a hip replacement, which will require future surgeries approximately every twelve to fifteen years from the date of his initial surgery.  Plaintiff states that he has had ongoing medical problems as a result of his injuries.  Following his hip replacement, Plaintiff's left leg is now shorter than his right, he walks with a limp, and he is now permanently disabled.  Plaintiff asserts that he is traumatized by this incident, and that he fears being attacked again for no reason.

(FAC, ECF No. 9, pp. 4–6.)

///

6

4. In screening the FAC, the Court found that Plaintiff stated a cognizable Eighth Amendment failure to intervene claim against Defendant McDermott. The Court dismissed all other claims and defendants. (ECF Nos. 10, 20.)

5. CDCR had an administrative grievance process for inmates at all times relevant to this lawsuit, which allows them to appeal any departmental decision, action, policy, omission, or condition that has an adverse material effect on the inmate's welfare. (Johnson Decl. ¶ 3.)

6. An inmate appeal is initiated by submitting a CDCR Form 602 (Form 602 or Appeal). (*Id.* ¶ 5); Cal. Code of Regs. tit. 15, § 3084.2(a)[3].

7. Inmates must follow the procedures set forth in Cal. Code Regs. tit. 15, sections 3084.1 through 3085, which includes describing the problem and action requested in the appeal form. (Johnson Decl. ¶ 5.)

8. At the first level of review, CDCR form 602 appeals are submitted to the appeals coordinator at the institution. The appeals coordinator may bypass the first level under certain circumstances. If the inmate is not satisfied with the decision at the first level, he may appeal to the second level. The second level must be completed before the inmate may appeal to the third level. The third level of review constitutes the decision of the Secretary of CDCR and is conducted under the supervision of the third level Appeals Chief or equivalent. The third level review exhausts administrative remedies. To properly exhaust an administrative grievance, an inmate must pursue his appeals through all levels of the administrative appeal process unless excused from one of the levels under Title 15. (Johnson Decl. ¶ 6; Declaration of M. Voong in Support of Defendant's Motion for Summary Judgment (Voong Decl.) ¶ 2); Cal. Code Regs. tit. 15, §§ 3084.1, 3084.7.

9. Inmates are required to list the staff members and date of that staff member's involvement in the issue under appeal. If the inmate does not have the requested identifying information about the staff member(s), he shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the

---

[3] All citations to Title 15 refer to the version in effect in 2014.

staff member(s) in question.  The inmate shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal forms.  (Johnson Decl. ¶ 7); Cal. Code Regs. tit. 15, §§ 3084.4(a)(3), (4).

10. When an inmate submits an appeal that does not comply with regulations governing the appeal process, an appeals coordinator will reject or "screen out" and return the appeal with the reason for the rejection and provide instructions to correct the defect, if correction is possible.  An appeal may be rejected, cancelled, or accepted for the reasons outlined in California Code of Regulations Title 15, sections 3084.6(b) and (c), including expiration of time limits.  If an appeal is rejected, cancelled, or screened out, it is not exhausted.  (Johnson Decl. ¶ 8); Cal. Code Regs. tit. 15, §§ 3084.6(b), (c).

11. The appeals coordinator's office does not always keep copies of rejected appeal forms.  (Johnson Decl. ¶ 8.)

12. When an appeal is submitted to another institution, other than the institution where the alleged incident occurred, the receiving institution forwards the appeal to the institution where the allegations occurred for processing.  (*Id.* ¶ 13.)

13. The Office of Appeals ("OOA") receives, reviews, and maintains all non-medical inmate grievances at the third and final level of review.  (Voong Decl. ¶ 2.)

14. A final decision at the third level of review generally exhausts an inmate grievance.  Rejection or cancellation of an appeal does not exhaust administrative remedies.  (Johnson Decl. ¶¶ 6, 8); Cal. Code Regs. tit. 15, § 3084.1.

15. Plaintiff knew about and used the administrative grievance process between June 2014 and June 2016.  (Johnson Decl. ¶¶ 3, 4, 11, 12.)

16. Between June 2014 and June 2016, Plaintiff submitted four non-medical appeals to NKSP's appeals office.  One of those appeals was accepted for review and the others were screened out.  (*Id.* ¶ 9, Ex. A.)

17. Plaintiff never submitted an appeal regarding the Eighth Amendment failure to intervene allegations against Defendant McDermott as described in Plaintiff's FAC.  (*Id.* ¶ 10; Voong Decl. ¶ 5, Ex. A.)

8

18. Appeal Log No. NKSP-B-14-02948 concerned living conditions and is not relevant to Plaintiff's FAC. In the appeal, Plaintiff complained that Officer Dart had a disrespectful and threatening attitude. The appeal was accepted for review at the first level of formal review on June 19, 2014. On July 2, 2014, Correctional Sergeant J. Johnson interviewed Plaintiff regarding the allegations in his appeal and provided Plaintiff with an opportunity to elaborate on his statements. Instead, Plaintiff stated he wished to withdraw the appeal because he no longer lived in the same housing unit where Officer Dart was assigned. Sergeant Johnson again offered Plaintiff an opportunity to discuss the issues further, to which Plaintiff declined and withdrew his appeal. Plaintiff did not pursue the appeal any further. This appeal does not exhaust the claims in Plaintiff's FAC. (FAC, ECF No. 9, p. 2; Johnson Decl. ¶ 11, Ex. B.)

19. Plaintiff did not exhaust Appeal Log No. NKSP-B-14-02948. (FAC, ECF No. 9, p. 2; Johnson Decl. ¶ 11, Ex. B; Voong Decl. ¶ 5, Ex. A.)

20. Plaintiff submitted three additional appeals at NKSP during the relevant time frame which were not accepted for review at any level and were returned to Plaintiff. Appeal Log Nos. NKSP-D-14-05267, NKSP-D-14-05399, and NKSP-D-15-003173 are not relevant to the claims in Plaintiff's FAC, Plaintiff did not exhaust any of the appeals, and none of the appeals exhaust Plaintiff's claims as alleged in the FAC. (Johnson Decl. ¶ 12, Ex. C; Voong Decl. ¶ 5, Ex. A.)

21. OOA has never received and accepted an appeal from Plaintiff. (Voong Decl. ¶ 5, Ex. A.)

22. On August 18, 2015, Plaintiff completed and filled out a 602 Appeal and complaint regarding the June 26, 2014 attack. The appeal was numbered NKSP-D-15-03173. (ECF No. 31, pp. 4, 15.)

23. In filing 602 Appeal No. NKSP-D-15-03173, Plaintiff only had the CDCR 602 Appeal Form and he needed more space to write, but the Correctional Officer told Plaintiff that he did not have the "CDCR 602A" form, so Plaintiff wrote as much as he could on the one 602 form. (*Id.*)

///

24. Plaintiff states the subject of Appeal No. NKSP-D-15-03173 as follows: "Case # DF01A35A Too many transfer to court and no court. Back and Forth from VSP to NKSP too many times and no court." (ECF No. 31, p. 15 (unedited text).)

25. Plaintiff explains the issue of Appeal No. NKSP-D-15-03173 as follows: "I was the victim of a attack here back in 6-26-14. I was badly hurt with bone fractured. I want to press charges. But now I don't know this taking way too long. Too many transfer back and forth." (*Id.* (unedited text).)

26. Plaintiff requests the following action on Appeal No. NKSP-D-15-03173: "send me to court soon or send me back to VSP and stop bring me back to NKSP for nothing. I'm very tired of all this transfer. Back and forth and no court, no info about this case either. I want info." (*Id.* (unedited text).)

27. On the 602 form for NKSP-D-15-03173, Plaintiff checked the box that indicated "No, I have not attached any supporting documents." He provided the following reason: "Out of CDCR 602A I need more space – I was told a few month ago I was done with court And they still bring me back and forth and they don't give me any info. Who the DA name? They dont care." (*Id.* (unedited text).)

28. On August 19, 2015, NKSP-D-15-03173 was rejected at the First Level. (ECF No. 31, pp. 4, 16; Johnson Decl. ¶ 12, Ex. C.)

29. The CDC Form 695 regarding NKSP-D-15-03173 stated as follows:

> The enclosed documents are being returned to you for the following reasons:
>
> ***RO Other***
>
> **The NKSP Inmate Appeal Office received your appeal on August 19, 2015. In your appeal you state you were the victim of an assault, you pressed charges against the suspects, and you are now continuously going Out To Court. You are requesting to be transferred back to VSP and to cease with the continuous transfers back to court. Be advised, this issue is beyond the scope of the appeals office. If you wish to stop going to court on the matter you need to write to the courts or provide this information to the court the next time you go to court. <u>DO NOT FILL OUT ANY OTHER SECTIONS OF THIS APPEAL WITHOUT BEING TOLD TO DO SO.</u>**

> **This CDC is not to be construed as an elimination of your due process rights. You are not allowed to detach the CDCR-695's as they are a permanent attachment to the appeal. <u>Do not file a new appeal on this issue.</u>**

(ECF No. 31, p. 16; Johnson Decl. ¶ 12, Ex. C (emphasis in original).)

30. Based on this CDC Form 695, Plaintiff thought NKSP-D-15-03173 was done with, and there was nothing else he could do regarding the appeal/complaint. (ECF No. 31, p. 5.)

**D.     Discussion**

The allegations at issue in this suit occurred on June 26, 2014, and therefore all claims arising from that incident were required to be exhausted prior to Plaintiff initiating this action on June 22, 2016, or Plaintiff is required to come forward with evidence showing that the existing and generally available administrative remedies were effectively unavailable to him.

    1.     Parties' Positions

Defendant argues that Plaintiff failed to submit any appeals regarding his allegations that Defendant failed to intervene to protect him on June 26, 2014, when Inmate Cancel attacked him, and therefore he did not exhaust his administrative remedies with respect to his claim in this action. Furthermore, because Plaintiff filed multiple appeals during the relevant time period that were not related to the claims in Plaintiff's first amended complaint, and those appeals were not accepted for review because Plaintiff either withdrew the appeal or did not follow directions, Plaintiff's efforts to exhaust his appeals were not thwarted. To the extent the Court finds any genuine disputes of material fact regarding exhaustion, Defendant requests that the Court set a "preliminary proceeding" to resolve any such disputes before the parties proceed to the merits of this case. *Albino*, 747 F.3d at 1168, 1170–71.

Plaintiff argues in opposition that he submitted appeal NKSP-D-15-03173 on August 18, 2015 regarding the June 26, 2014 attack and Defendant's failure to stop the attack, doing the best he could despite his ignorance of legal matters. In filing the appeal, Plaintiff states that he needed more space to write but the Correctional Officer told Plaintiff that he did not have the CDCR 602A form, so Plaintiff wrote as much as he could on the one 602 form. On August 19, 2015,

11

1  NKSP-D-15-03173 was rejected at the first level, and the CDC Form 695 that was mailed to
2  Plaintiff stated, "**DO NOT FILL OUT ANY OTHER SECTIONS OF THIS APPEAL**
3  **WITHOUT BEING TOLD TO DO SO.**" and also stated "**This CDC 695 is not to be**
4  **construed as an elimination of your due process rights. You are not allowed to detach the**
5  **CDCR-695's as they are a permanent attachment to the appeal. Do not file a new appeal on**
6  **this issue.**" Based on this CDC Form 695, Plaintiff thought NKSP-D-15-03173 was done with,
7  and there was nothing else Plaintiff could do regarding the Appeal/Complaint. Plaintiff contends
8  that his 602 Appeal/Complaint was fully exhausted when officials issued Plaintiff the CDC Form
9  695 with "clear unwillingness to respond to further the appeal process to ensure Due Process
10 rights were protected." (ECF No. 31, p. 7.)
11     In reply, Defendant argues that NKSP-D-15-03173 does not address the allegations in
12 Plaintiff's complaint and instead grieves transfers back and forth to court. Defendant contends
13 that Plaintiff admits he was aware of the grievance process, but the evidence shows he failed to
14 file an appeal regarding the claims in the complaint, and Plaintiff's conclusory and unsupported
15 arguments fail to create a genuine dispute for trial. The appeals process remained available, but
16 Plaintiff failed to mention Defendant McDermott or in any way place the institution on notice of
17 Plaintiff's failure to protect claim. Defendant does not specifically address any of Plaintiff's
18 factual assertions regarding his inability to file additional pages to his appeal, or his interpretation
19 of the CDCR Form 695 response as completing his exhaustion process. Finally, Defendant
20 argues that Defendant's motion should be granted based on Plaintiff's failure to comply with the
21 Local Rules in filing his opposition to the motion for summary judgment.
22                    2.    NKSP-D-15-03173
23     In completing NKSP-D-15-03173, Plaintiff contends that he did not have sufficient space
24 on the 602 Form provided, and an unnamed correctional officer told him that they were out of
25 602A Forms that would normally be used if more space was needed. (UMF 23, 27.) Thus,
26 Plaintiff wrote as much as he could on the 602 Form itself. (UMF 23.) Though not explicit,
27 Plaintiff appears to argue that if he had additional space, he would have included more
28 information about Defendant McDermott's role in failing to stop the attack by Inmate Cancel.

(ECF No. 31, p. 4.)

However, upon review of NKSP-D-15-03173, even reviewed in the light most favorable to Plaintiff, the Court cannot find that anything on the 602 Form would place prison officials on notice that Plaintiff was grieving any issue relating to Defendant McDermott. Plaintiff does not identify Defendant by name or reference any correctional officers. While Plaintiff states "I was the victim of a attack here back in 6-26-14. I was badly hurt with bone fractured. I want to press charges[,]" (UMF 25), this does not provide any indication that he wanted to raise a failure to intervene claim against any correctional staff, or that correctional staff had any role in the attack. Rather, Plaintiff's primary grievance, which was identified when the appeal was screened out, was his desire to stop being transferred back and forth between institutions without being sent to court proceedings.

As to Plaintiff's argument that he would have identified his claims against Defendant if given more space to write, the Court is unpersuaded. When asked for the reason that he did not attach any supporting documents to the 602 Form, Plaintiff repeated his complaint that he was being transported back and forth and not provided with any information. (UMF 27.) Despite having the opportunity to raise additional concerns in this section, Plaintiff repeated the issue— his transfers between institutions without going to court—that he had already identified in three other places on the same form. (*See* UMF 24, 25, 26.) Even assuming Plaintiff would have provided more or new details regarding his claims against Defendant on the 602A Form, the Court finds that Plaintiff could have briefly identified Defendant, or a failure to intervene claim, on the 602 Form itself. Instead, Plaintiff chose to repeat the transfer issue, demonstrating that Plaintiff's ultimate purpose in filing NKSP-D-15-03173 was to stop being transferred between institutions without being sent to court proceedings. This was not sufficient to alert the prison that any claims regarding Defendant McDermott were at issue in this grievance, and therefore the Court finds that NKSP-D-15-03173 fails to exhaust Plaintiff's failure to intervene claim against Defendant.

///

///

|   |   |   |
|---|---|---|
| 1 | 3. | Availability of Grievance Process |

Plaintiff also appears to claim that the grievance process was made unavailable to him due to improper screening of NKSP-D-15-03173 and his interpretation of the CDC Form 695 to prohibit him from completing any other sections of the appeal without being told to do so. (UMF 29, 30.) As noted above, Defendant does not dispute that the text of the CDC Form 695 states: "**DO NOT FILL OUT ANY OTHER SECTIONS OF THIS APPEAL WITHOUT BEING TOLD TO DO SO**" or that Plaintiff interpreted this language to mean that he was done with NKSP-D-15-03173 and there was nothing else he could do regarding his appeal/complaint. (UMF 29, 30.)

However, in light of the Court's finding that Plaintiff had the opportunity to raise his failure to intervene claim against Defendant McDermott in his original 602 Form and did not do so, the CDC Form 695 still does not excuse Plaintiff's failure to exhaust. Based on the evidence in the record, the Court finds that while the CDC Form 695 may have excused Plaintiff's failure to fully exhaust his claims regarding his transfers between institutions for court proceedings, it could not excuse his failure to fully exhaust any claims against Defendant McDermott. Plaintiff does not argue that he would have raised his claims against Defendant McDermott at a later appeal level, and any such argument would be speculative at best based on the evidence before the Court.

**IV. Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment for failure to exhaust, (ECF No. 23), be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

///

magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 12, 2022**           /s/ Barbara A. McAuliffe           
                                    UNITED STATES MAGISTRATE JUDGE