UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NORTH KERN STATE PRISON, *et al.*,<br><br>　　　　　Defendants. | No.  1:16-cv-00881-ADA-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: EXHAUSTION<br><br>(Doc. Nos. 23, 37) |

　　　　Plaintiff Rodrigo Lopez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant J. McDermott ("Defendant") for failure to intervene while inmate Cancel was attacking Plaintiff, in violation of the Eighth Amendment. (Doc. No. 9.)

　　　　On April 12, 2022, the magistrate judge issued findings and recommendations that Defendant's motion for summary judgment for failure to exhaust be granted.  (Doc. No. 37.)  The findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days after service.  (*Id.*)  Plaintiff timely filed objections on May 2, 2022.  (Doc. No. 38.)  Following an extension of time, Defendant filed a response to Plaintiff's objections on May 31, 2022.  (Doc. No. 42.)

　　　　As Plaintiff's objections largely reiterate the arguments raised in his opposition to the

1

motion for summary judgment, the court finds no basis to overturn the findings and recommendations. In Plaintiff's objections, Plaintiff cited to *Andres v. Marshall*, 867 F.3d 1076 (9th Cir. 2017), to support that he had exhausted the administrative remedies within the meaning of the Prison Litigation Reform Act. (*See* 42 U.S.C. § 1997e(a).) In *Andres*, the Ninth Circuit held that when prison officials fail to respond to a prisoner's grievance, the prisoner is deemed to have exhausted his administrative remedies. (*Andres*, 867 F.3d at 1079.) Because prison officials timely responded to each of Plaintiff's submitted California Department of Corrections and Rehabilitation Forms 602, Plaintiff's case is distinguishable from *Andres*. (Doc. No. 37.) Therefore, the court finds Plaintiff's objections unpersuasive to overturn the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case, including plaintiff's objections and defendant's response. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on April 12, 2022, (Doc. No. 37), are adopted in full;
2. Defendant's motion for summary judgment for failure to exhaust administrative remedies, (Doc. No. 23), is granted;
3. This action is dismissed, without prejudice, for the failure to exhaust available administrative remedies; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   September 2, 2022

UNITED STATES DISTRICT JUDGE